UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

JASON A. WADE                    )
                                 )
        *Plaintiff,*             )
                                 )
v.                               )        No. 1:10-cv-191
                                 )        *Chief Judge Curtis L. Collier*
BRADLEY COUNTY SHERIFFS OFFICE,  )
DETECTIVE MIKE HUGHES, DONNIE    )
OWNBY;                           )
                                 )
        *Defendants*.            )

# M E M O R A N D U M

Plaintiff Jason A. Wade ("Plaintiff") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 2). Plaintiff, who is apparently awaiting trial in this matter, claims he is being illegally incarcerated on a burglary charge he claims he did not commit, and that he has been slandered (Court File No. 3). In addition to requesting his immediate release from the Bradley County Justice Center, Plaintiff requests compensation for his alleged wrongful incarceration, "slandering [his] name," and lost wages (Court File No. 3, p. 4-5).

For the reasons discussed below, Plaintiff's complaint will be **DISMISSED** (Court File No. 2) .

## I.      Application to Proceed *In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff is a prisoner in custody at the Bradley County Justice Center, in Cleveland, Tennessee, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L.

104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.  Plaintiff shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

(a)     twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b)     twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Sheriff and Custodian of Records at the Bradley County Justice Center, in Cleveland, Tennessee, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff **SHALL** collect the filing fee as funds become available.  This order shall become a part of inmate Plaintiff's file and follow the inmate if he is

transferred to another institution.  The agency having custody of Plaintiff shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff is **ORDERED** to notify this Court of any change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order.  Failure of Plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against Plaintiff without any additional notice or hearing by the Court.

II.  **Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)**

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e).  Title 28 U.S.C. §§ 1915(e)(2), and 1915A require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination they are frivolous or fail to state a claim upon which relief can be granted.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

II.  **Facts**

Plaintiff claims that on March 31, 2010, a burglary occurred at 1675 Red Hill Valley Road and Donnie Ownby ("Mr. Ownby") stated he saw the Plaintiff's Honda Accord in his daughter's driveway (the location of the burglary).  Mr. Ownby obtained a partial tag number which was later identified as belonging to Plaintiff.  Plaintiff, who was subsequently arrested for the burglary, claims his vehicle was totaled approximately one month prior to the burglary.

# III.   ANALYSIS

## A.   *42 U.S.C. § 1983 Claim*

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied*, 502 U.S. 1032 (1992).  Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).  To state a § 1983 claim, Plaintiff must allege sufficient facts that, if true, would establish the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law.  *See Brock*, 94 F.3d at 244.

### 1.   *Younger* Doctrine

Plaintiff's claim of illegal incarceration is governed by the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971).  The record indicates charges are pending against Plaintiff in Bradley County as he is currently incarcerated as a result of his arrest for the alleged burglary. It appears from the documents filed by Plaintiff that he has not been tried on the state burglary charge.  To the extent Plainitff is asking this Court to become involved in his ongoing state criminal case—he requests the Court to find he is illegally incarcerated and to order his immediate release from custody—the Court must abstain from doing so.

This case constitutes a collateral attack on Plaintiff's pending state criminal judicial proceeding pertaining to his arrest for burglary. Therefore, this Court is precluded from interfering with the pending state prosecution. It is well settled that a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court except in extraordinary circumstances. *Younger v. Harris*, 401 U.S. at 43-45. Under the abstention doctrine established by *Younger*, the target of an ongoing state prosecution is required to raise any and all constitutional claims as defenses to that action in the state courts and may not file a collateral federal action raising the same claims. *See Gottfried v. Medical Planning Service, Inc.*, 142 F.3d 326, 329 (6th Cir.), *cert. denied*, 525 U.S. 1041 (1998). If the relief sought would disrupt the state criminal proceeding, it is generally prohibited by the *Younger* doctrine. A United States court only has the power to enjoin state officers from instituting criminal actions when absolutely necessary under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. *Younger*, 401 U.S. at 43-46, *Douglas v. City of Jeannette*, 319 U.S. 157 (1943).

"The Sixth Circuit has held that *Younger* abstention is appropriate 'when the state proceeding (1) is currently pending, (2) involves important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims.'" *Eidson v. State of Tennessee Dept. of Children's Services*, 510 F.3d 631, 638 (6th Cir. 2007) (quoting *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). Plaintiff's case meets all three criteria requiring the Court to apply the *Younger* abstention doctrine.

Plaintiff has not shown that relying on his defense of actual innocence or any other defense he alleges would fail to afford adequate protection in state court. Nor has Plaintiff shown that great and immediate injury will result other than that incidental to every criminal prosecution brought

lawfully and in good faith. Plaintiff has not alleged irreparable injury or a flagrant violation of his rights. The doctrine of abstention precludes the Court from entertaining Plaintiff's claim that he is illegally incarcerated. Accordingly, Plaintiff's claim that he is being illegally incarcerated will be **DISMISSED WITHOUT PREJUDICE**.

### 2. *Slander*

In his complaint, Plaintiff requests compensation for "slandering [his] name" but he does not identify any specific written or verbal statements attributed to any of the defendants. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (holding conclusive allegations are insufficient to state a claim). To state a claim under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998). Defamation or slander, without more, does not state a claim under 42 U.S.C. § 1983. Harm or injury to reputation does not result in a deprivation of any "liberty" or "property" protected by the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Thus, not only has Plaintiff failed to include any factual allegations of slander, thus failing to put forth facts sufficient to support a claim for slander against any Defendant, but, he has also failed to state a § 1983 claim, as slander does not state a constitutional violation.

Assuming for the sake of discussion that Plaintiff is claiming Mr. Ownby slandered him when Mr. Ownby stated he saw Plaintiff's vehicle in his daughter's driveway at the time of the burglary, in addition to the claim not being a constitutional violation, Mr. Ownby is not a proper party. Mr. Ownby is a private citizen, not a state actor as is required for a viable claim under § 1983. Because Mr. Ownby was not acting under color of law when reporting Plaintiff's alleged crime and because, in general, private individuals do not act under color of state law, are not state

actors, and are not amenable to a § 1983 suit, in addition to slander not being a § 1983 violation, Plaintiff has stated no cause of action under 42 U.S.C. § 1983 against Mr. Ownby. *See Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003) (generally, plaintiffs may not proceed under § 1983 against a private party).[1]

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted. Under these circumstances, the slander claim must be **DISMISS WITH PREJUDICE**, *sua sponte*. 28 U.S.C. § 1915(e)(2).

## V. Conclusion

For all the reasons explained above, Plaintiff's § 1983 complaint will be **DISMISSED** in its entirety pursuant to 28 U.S.C. §§ 1915A & 1915(e) for failure to state a claim upon which relief may be granted. Specially, the illegal imprisonment claim will be **DISMISSED WITHOUT PREJUDICE** pursuant to the *Younger* Doctrine, and the slander claim will be **DISMISSED WITH PREJUDICE**.

An appropriate judgment will enter.


**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1]    Although there are circumstances under which private persons may, by their actions, become state actors for § 1983 purposes, Plaintiff has not alleged that Mr. Ownby should be considered a state actor and the record before the Court does not demonstrate that he should be treated as a state actor.